```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 17 2010 ★

BROOKLYN OFFICE

| UNITED STATES OF AMERICA, | 09-CR-742-01 |
|---|---|
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| JOSE LUIS ORTEGA, | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On December 10, 2009, Jose Luis Ortega pled guilty to a lesser-included offense within Count One of a two-count indictment which charged that on October 17, 2009 at the John F. Kennedy International Airport, the defendant knowingly and intentionally imported cocaine into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 952(a) and 960(b)(3).

Ortega was sentenced on June 4, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 19 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 30 and 37 months. The calculation of the total offense level included a 4-point reduction for role adjustment because the defendant had no role apart from being a courier and a 3-point reduction for acceptance of responsibility. It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met, and the statutory minimum sentence did not apply. The guidelines range of fine was from $6,000 to $1,000,000. The offense carries a maximum term of imprisonment of 20 years, per 21 U.S.C. § 960(b)(3). The underlying indictment was dismissed by the court on the government's motion.

Ortega was sentenced to one year and one day of incarceration and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure

that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). This is a very serious offense involving the importation of drugs. Drugs are responsible for the destruction of many lives, especially those of young people. An incarceratory sentence is warranted. The defendant seems to be an individual of good character, in light of his supportive family and work history. The defendant's conduct seems to be aberrational, because at the time of the offense, he was under significant financial stress. A sentence of one year and one day reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. In light of the defendant's good character, specific deterrence is not a major concern, but general deterrence requires a substantial punishment for the offense committed. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in the importation of cocaine will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation of the defendant and his likely deportation. It is unlikely that he will engage in further criminal activity considering his supportive family, his sincere remorse, and overall good character.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: 6/7/2010
Brooklyn, New York